# EXHIBIT 2

CAUSE NO. 0016026

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 8TH JUDICIAL DISTRICT |
| | § | |
| DANIEL CLATE ACKER | § | HOPKINS COUNTY, TEXAS |

### JURY CHARGE

LADIES AND GENTLEMEN OF THE JURY:

The defendant, DANIEL CLATE ACKER, stands charged by indictment with the offense of Capital Murder, alleged to have been committed on or about the 12th day of March, 2000, in Hopkins County, Texas. The defendant has pleaded not guilty.

1.

A person commits the offense of murder if he intentionally or knowingly causes the death of an individual.

A person commits the offense of capital murder if he commits murder, as herein defined, and the person intentionally commits the murder in the course of committing or attempting to commit kidnaping. Kidnaping is a felony.

"Attempt" to commit an offense occurs if, with specific intent to commit an offense, a person does an act amounting to more than mere preparation that tends, but fails to effect the commission of the offense intended.

A person commits the offense of kidnaping if he intentionally or knowingly abducts another person.

The term "abduct" means to restrain a person with intent to prevent her liberation by secreting or holding her in a place where she is not likely to be found or using or threatening to use deadly force.

The term "restrain" means to restrict a person's movements without consent, so as to interfere substantially with his liberty, by moving her from one place to another or by confining her.

Page 1

Restraint is "without consent" if it is accomplished by force, intimidation, or deception.

"Deadly force" means force that is intended or known by the person acting to cause, or in the manner of its use or intended use is capable of causing death or serious bodily injury.

"Serious bodily injury" means bodily injury that creates substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member of organ.

The following definition of "intentionally" applies to the portion of the application paragraph that requires you to determine whether "the defendant did intentionally cause the death of" the deceased:

A person acts intentionally, or with intent, with respect to a result of his conduct when it his conscious objective or desire to cause the result.

The following definition of "intentionally or knowingly" applies to the portion of the application paragraph that requires you to determine whether the defendant was acting in the course of committing or attempting to commit the offense of kidnaping when he committed the murder of the complainant, if he did:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

2.

Before you would be warranted in convicting the defendant, DANIEL CLATE ACKER, of capital murder you must find from the evidence beyond a reasonable doubt not only that on the occasion in question the defendant was in the course of committing or attempting to commit the felony offense of kidnaping of Marquetta Follis George as defined in this charge, but also that during the commission of the kidnaping or attempted commission thereof, if any, the defendant caused the death of Marquetta Follis George by manual strangulation or ligature strangulation with an object,

the exact nature of which is unknown to the grand jury, or blunt force injury resulting from causing her to impact a blunt object, the exact nature of which is unknown to the grand jury, or a combination of both manual strangulation or ligature strangulation with an object, the exact nature of which is unknown to the grand jury and blunt force injury resulting from causing her to impact a blunt object, the exact nature of which is unknown to the grand jury. Unless you so find from the evidence beyond a reasonable doubt that the defendant, on said occasion specifically intended to cause the death of Marquetta Follis George when he caused the death of Marquetta Follis George by manual strangulation or ligature strangulation with an object, the exact nature of which is unknown to the grand jury, or blunt force injury resulting from causing her to impact a blunt object, the exact nature of which is unknown to the grand jury, or a combination of both manual strangulation or ligature strangulation with an object, the exact nature of which is unknown to the grand jury and blunt force injury resulting from causing her to impact a blunt object, the exact nature of which is unknown to the grand jury, then you cannot convict him of the offense of capital murder.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 12th day of March, 2000, in Hopkins County, Texas, the defendant did then and there, while in the course of committing or attempting to commit the kidnaping of Marquetta Follis George, intentionally caused the death of Marquetta Follis George by strangling Marquetta Follis George by manual strangulation or ligature strangulation with an object, the exact nature of which is unknown to the grand jury, then you will find the defendant guilty of capital murder as charged in the indictment, and so say by your verdict.

OR

If you find from the evidence beyond a reasonable doubt that on or about the 12th day of March, 2000, in Hopkins County, Texas, the defendant did then and there, while in the course of committing or attempting to commit the kidnaping of Marquetta Follis George, intentionally caused the death of Marquetta Follis George by blunt force injury resulting from causing her to impact a blunt object, the exact nature of which is unknown to the grand jury, then you will find the defendant guilty of capital murder as charged in the indictment, and so say by your verdict.

OR

If you find from the evidence beyond a reasonable doubt that on or about the 12th day of March, 2000, in Hopkins County, Texas, the defendant did then and there, while in the course of committing or attempting to commit the kidnaping of Marquetta Follis George, intentionally caused the death of Marquetta Follis George by strangling Marquetta Follis George by manual strangulation or ligature strangulation with an object, the exact nature of which is unknown to the grand jury and blunt force injury resulting from causing her to impact a blunt object, the exact nature of which is unknown to the grand jury, then you will find the defendant guilty of capital murder as charged in the indictment, and so say by your verdict.

Unless you so find from the evidence beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the defendant of capital murder and next consider whether the defendant is guilty of murder.

If you find from the evidence beyond a reasonable doubt that on or about 12th day of March, 2000, in Hopkins County, Texas, the defendant, DANIEL CLATE ACKER, did then and there intentionally or knowingly cause the death of Marquetta Follis George by strangling Marquetta Follis George by manual strangulation or ligature strangulation, the exact nature of which is unknown to the grand jury, then you will find the defendant guilty of murder, and so say by your verdict.

OR

If you find from the evidence beyond a reasonable doubt that on or about 12th day of March, 2000, in Hopkins County, Texas, the defendant, DANIEL CLATE ACKER, did then and there intentionally or knowingly cause the death of Marquetta Follis George by blunt force injury resulting from causing her to impact a blunt object, the exact nature of which is unknown to the grand jury, then you will find the defendant guilty of murder, and so say by your verdict.

OR

If you find from the evidence beyond a reasonable doubt that on or about 12th day of March, 2000, in Hopkins County, Texas, the defendant, DANIEL CLATE ACKER, did then and there intentionally or knowingly cause the death of Marquetta Follis George by strangling Marquetta Follis George by manual strangulation or ligature strangulation, the exact nature of which is unknown to the grand jury, and blunt force injury resulting from causing her to impact a blunt object, the exact

nature of which is unknown to the grand jury, then you will find the defendant guilty of murder, and so say by your verdict.

Unless you so find from the evidence beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the defendant of murder.

If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of either capital murder or murder, but you have a reasonable doubt as to which of said offenses he is guilty, then you must resolve that doubt in the defendant's favor and find him guilty of the lesser offense of murder.

Unless you so find from the evidence beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the defendant of murder and next consider whether the defendant is guilty of kidnaping.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 12th day of March, 2000, in Hopkins County, Texas, the defendant, DANIEL CLATE ACKER, did then and there intentionally or knowingly without consent of Marquetta Follis George, and by force directed at Marquetta Follis George, restrict Marquetta Follis George's movements so as to interfere substantially with her liberty by moving her from one place to another with intent to prevent her liberation by secreting, holding her in a place where she was not likely to be found, or by using deadly force on Marquetta Follis George, then you will find the defendant guilty of kidnaping.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant.

If you have a reasonable doubt as to whether the defendant is guilty of any offense defined in this charge you will acquit the defendant and say by your verdict not guilty.

You are instructed that a person commits an offense only if he voluntarily engages in conduct, including an act, omission, or possession. Conduct is not rendered involuntary merely because the person did not intend the results of his conduct.

Voluntary intoxication does not constitute a defense to the commission of a crime. "Intoxication" means disturbance of mental or physical capacity resulting from the introduction of any substance into the body.

3.

At times throughout the trial the Court has been called upon to pass on the question of whether or not certain offered evidence might properly be admitted. You are not to be concerned with the reasons for such rulings and are not to draw any inferences from them. Whether offered evidence is admissible is purely a question or law. In admitting evidence to which an objection is made, the Court does not determine what weight should be given such evidence; nor does it pass on the credibility of the witness. As to any offer of evidence that has been rejected by the Court, you must not consider the same. As to any question to which an objection was sustained, you must not conjecture as to what the answer might have been or as to the reason for the objection.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty, and it must do so by proving each and every element of the offense charged beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict not guilty.

If there is evidence of extraneous crimes or bad acts other than the one charged in the indictment in this case then you cannot consider the testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other acts, if any.

A grand jury indictment is the means whereby a defendant is brought to trial in a felony prosecution. It is not evidence of guilt nor can it be considered by you in passing upon the issue of guilt of the defendant. The burden of proof in all criminal cases rests upon the State throughout the

000594

trial, and never shifts to the defendant.

You are charged that it is only from the witness stand that the jury is permitted to receive evidence regarding the case, and no juror is permitted to communicate to any other juror anything he may have heard regarding the case from any source other than the witness stand.

In deliberating on this case you are not to refer to or discuss any matter or issue not in evidence before you nor talk about this case to anyone not of your jury.

You are the exclusive judges of the facts proved, of the credibility of the witnesses and the weight to be given their testimony, but you are bound to receive the law from the Court, which is herein given you, and be governed thereby.

4.

You have been permitted to take notes during the testimony in this case. In the event any of you took notes, you may rely on your notes during your deliberations. However, you may not share your notes with the other jurors and you should not permit the other jurors to share their notes with you. You shall not use your notes as authority to persuade your fellow jurors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. Your notes are not official transcripts. They are personal memory aids, just like the notes of the judge and the notes of the lawyers. Notes are valuable as a stimulant to your memory. On the other hand you might make a mistake in recording what you have seen or heard. Therefore, you are not to use your notes as authority to persuade fellow jurors of what the evidence was during trial.

5.

After you retire to the jury room, you should select one of your members as your Foreman. It is his duty to preside at your deliberations, vote with you, and when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto, and signing the same as Foreman.

No one has any authority to communicate with you except the officer who has you in charge. During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

000596

After you have retired, you may communicate with this court in writing through the officer who has you in charge. Do not attempt to talk to the officer who has you in charge, or the attorneys, or the court, or anyone else concerning any question you may have. After you have reached a unanimous verdict, the Foreman will certify thereto by filling in the appropriate form attached to this charge and signing his name as Foreman. After argument of counsel, you may retire to consider your verdict.

FILED: March 30, 2001    _____
(Date and Time)          JUDGE PRESIDING
8:54 A.M.

## VERDICT FORM

(Choose one; Foreman sign only one)

    We, the jury, find the defendant guilty of Capital Murder, as charged in the indictment.

_____[signature]_____ 3-30-01
FOREMAN

---

    We, the jury, having found the defendant not guilty of the offense of Capital Murder, do hereby find the defendant guilty of the offense of Murder.

_____
FOREMAN

---

    We, the jury, having found the defendant not guilty of the offense of Capital Murder and Murder, do hereby find the defendant guilty of the offense of Kidnaping.

_____
FOREMAN

---

    We, the jury, find the defendant not guilty.

_____
FOREMAN

Page 9

000597