IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DANIEL CLATE ACKER,** | § | |
| Petitioner, | § | |
| v. | § | No. 4:06cv469 |
| **RICK THALER, Director,** | § | |
| Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

## ORDER GRANTING IN PART
## PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING

THIS MATTER comes before the court on petitioner Daniel Clate Acker's ("Acker's") motion for an evidentiary hearing (docket entry #50), filed on March 1, 2010. The court, having considered the circumstances alleged and authorities cited in the motion, the response, and the reply, finds that the motion is well-taken in part and it will be granted in part.

Acker was convicted of capital murder and sentenced to death. After exhausting his direct appeal and his state post-conviction procedures, he filed an application for a writ of *habeas corpus* in this court, containing fifteen new claims. The court stayed these proceedings in order to allow Acker to return to state court and present his new claims to the state court. On September 10, 2008, the state court dismissed Acker's application as an abuse of the writ.

Federal courts are prohibited from addressing the merits of procedurally defaulted claims unless the applicant establishes either that he had good cause for failing to exhaust his claims in the state court, and he would be prejudiced if the federal court did not address the merits of his claims,

or that a fundamental miscarriage of justice would occur if the federal court failed to review the merits of his claims, because he was actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish a fundamental miscarriage of justice, the applicant must show that in light of all the evidence, including new evidence, it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 357 (1995).

Acker has raised actual innocence as one of the claims in his application. His defense at trial was that the victim died as a result of jumping from his truck as he was driving. The coroner testified that Acker strangled and or beat the victim and that she was either dead or near death at the time he either threw her out or pushed her out of his truck. Acker has produced new evidence in the form of a report by G.M. Larkin, M.D, a forensics expert. Dr. Larkin opines that the coroner is in error and that the victim was not strangled, but when she attempted to jump from Acker's moving truck her leg caught under the seat and her head struck a brace between the front and top surfaces of the truck's flat bed extension.

*Schlup* holds that a petitioner must support his actual innocence claim with new, reliable evidence, such as exculpatory scientific evidence, that was not presented at trial. The report by Dr. Larkin meets that requirement. Based upon the court's assessment of the probative force of the report in connection with the evidence adduced at trial, the court finds that Acker is entitled to an evidentiary hearing on his actual innocence claim.

IT IS THEREFORE ORDERED that petitioner's motion for an evidentiary hearing is GRANTED as to his actual innocence claim, and the court will address his other requests for evidentiary hearings at a later date. The actual innocence evidentiary hearing shall take place on

Tuesday, August 10, 2010 at 9:00 am in the district courtroom at the United States Courthouse, 7940 Preston Rd., Plano, TX 75024.

      IT IS FURTHER ORDERED that the parties shall confer, within 30 days from the date of entry of this order, regarding any and all pre-hearing matters and, within 14 days from the date of that conference, provide the court with a proposed pre-hearing order containing the issues in dispute, the witnesses expected to testify and the substance of their expected testimony, and the estimated length of the evidentiary hearing.

      **SIGNED this the 25th day of May, 2010.**

      */s/ Richard A. Schell*
      RICHARD A. SCHELL
      UNITED STATES DISTRICT JUDGE