IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DANIEL CLATE ACKER,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| vs. § | No. 4:06-cv-00469 | |
| § | | |
| **RICK THALER,** § | | |
| Director, § | | |
| **Texas Department of Criminal** § | | |
| **Justice, Correctional Institutions** § | **(Death Penalty Case)** | |
| **Division,** § | | |
| Respondent. § | | |
| § | | |

**PETITIONER'S POST-PETITION MOTION FOR LEAVE
TO CONDUCT DISCOVERY**
**(Rule 6(a) of the Rules Governing Section 2254 Cases)**

Petitioner Daniel Clate Acker moves this Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, for leave to conduct discovery crucial to a full and fair development of the material facts in this capital case. This motion is based upon the attached Memorandum of Points and Authorities, the accompanying exhibit and discovery request, and on all pleadings on file herein.

Dated this 7th day of June, 2011.

Respectfully submitted,

/s/ *A. Richard Ellis*

_____
A. RICHARD ELLIS
Attorney for Petitioner

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION.**

Currently before this Court is Mr. Acker's petition for a writ of habeas corpus. Also pending is Mr. Acker's upcoming evidentiary hearing, scheduled in this Court next week, on June 17 and 18, 2011. In preparation for filing his petition, raising all available bases for the claims alleged and all available claims pursuant to *McCleskey v. Zant*, 499 U.S. 467 (1991), counsel for petitioner has investigated the case as thoroughly as possible. In preparing for the upcoming hearing, counsel has also attempted to investigate all aspects of the actual innocence claim which is the subject of the hearing. Through this motion for leave to conduct discovery, petitioner now seeks this Court's assistance in obtaining discovery regarding newly-revealed evidence which has not been previously made available, or which may not be made available without the process of the Court.

**II. REASONS FOR THE DISCOVERY REQUEST.**

On June 16 and 17, 2011, an evidentiary hearing will be held in this Court on the issue of Mr. Acker's claim of actual innocence. (Claim 1 in his petition.) On May 16, 2011, the parties filed their "Joint Pre-Hearing Statement." (Docket No. 67) In that statement, Respondent proposed to call at the hearing Dr. Vincent Di Maio as their forensic pathologist:

> Dr. DiMaio is expected to testify that a diagnosis of manual strangulation is not viable. Any injuries present are consistent with going out of the truck and are non-specific. In addition, to strangle someone, one would have to maintain continuous pressure on the neck for two to three minutes. Dr. DiMaio is also expected to testify that from the autospy findings there is no way that one can say if the deceased was pushed or jumped. The resultant injuries are the same. Finally, Dr. DiMaio is expected to testify that the injuries are consistent with being run over by a vehicle.

(Docket No. 67 at 10.)

On May 30, 2011, counsel for respondent made available to Petitioner's counsel a statement

from Dr. Di Maio, which basically expanded somewhat on the above. (<u>Exhibit 1</u> herein). Obviously, this development represents a hugely significant shift from the State's theory of the case at trial and the evidence that was used to convict and sentence Mr. Acker to death. The trial evidence was that the victim, Marquetta George, was first strangled to death by Mr. Acker, and she then suffered blunt force injuries as a result of being run over by the truck. It was presented at trial by Dr. Morna Gonsoulin.

### III. THE DISCOVERY REQUEST.

Hopefully the upcoming evidentiary hearing will shed more light on this recent development and apparent repudiation of the State's theory of the case. However, while Petitioner certainly appreciates the apparent objectivity of this new expert, this new scenario also raises certain questions which may be answered only through the discovery process of the court. Specifically, in order to thoroughly and competently investigate and present the actual innocence claim, and for counsel to effectively represent his client, the following questions will need to be answered:

1) —the reasons for the State not presenting evidence from the coroner Dr. Gonsoulin at the upcoming hearing;

2) —the circumstances relating to the apparent repudiation of Dr. Gonsoulin's "strangulation" theory;

3) —any evidence in the possession of the State that contradicts the evidence presented at trial;

4)—any evidence in the possession of the State that discredits any of the state witnesses, including Dr. Gonsoulin, or contradicts their testimony;

5)—any heretofore un-presented exculpatory evidence relating to Mr. Acker's innocence that

3

may be in the possession of the State;

6)—any other exculpatory evidence relating to Mr. Acker in the possession of the State or the Hopkins County District Attorney's Office or local law enforcement officials.

Counsel for Respondent has informally indicated that in response to this request, while it is formally opposed, some statement or statements or proffers regarding the above requests may be made available to Petitioner's counsel if the discovery moton is made and in their reply to this motion. Petitioner would welcome any such response and therefore is making this formal request.

Because of the centrality of this information to his actual innocence claim, Mr. Acker satisfies the requirement of Rule 6 that he show "good cause" for discovery, as embodied in the United States Supreme Court's decision in *Harris v. Nelson*, 394 U.S. 286 (1969). Furthermore, Mr. Acker urges this Court to note the significance of the Fifth Circuit's decision in *East v. Scott*, 55 F.3d 996 (5th Cir. 1995). *East* provides this Court with guidance by confirming that discovery is a proper means of establishing a petitioner's *prima facie* case. Accordingly, Mr. Acker asks this Court to order the discovery requested above, which is essential to the full development of the material facts of the claim.

**IV. THERE IS AMPLE PRECEDENT FOR THE REQUESTED DISCOVERY**

    **A. The Standard for discovery in a federal habeas corpus proceeding**

The Supreme Court has held that a federal habeas corpus petitioner is "'entitled to careful consideration and plenary processing of [his claim,] including full opportunity for presentation of the relevant facts.'" *Blackledge v. Allison*, 431 U.S. 63, 82-83 (1977) (quoting *Harris v. Nelson*, 394 U.S. 286, 298 (1969)). A habeas petitioner acquires this right from the pre-eminent role the Great Writ plays in protecting an individual's fundamental liberties against lawless state action. *See id.* at

291-92; *Townsend v. Sain*, 372 U.S. 293, 311-13 (1963). Consequently, the Court has recognized that "[t]here is no higher duty of a court, under our constitutional system, than the careful processing and adjudication of petitions for writ of habeas corpus." *Harris*, 394 U.S. at 292. Furthermore, the Court has repeatedly emphasized that the federal courts possess plenary power to conduct inquiry in habeas corpus proceedings. *Id.*; *Townsend*, 372 U.S. at 312. Discovery, as provided under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, is one of the express methods by which a federal court may exercise its powers of inquiry and afford a petitioner a meaningful opportunity to present the relevant facts of his claims.

### B. The *Harris* Standard

The seminal habeas corpus discovery case of *Harris v. Nelson*, 394 U.S. 286 (1969), and the statutory embodiment of its holding in Rule 6 require the federal courts to order discovery upon a petitioner's showing of "good cause." In *Harris*, the Supreme Court emphatically reminded the lower federal courts of the importance of habeas corpus and their inherent authority to apply the writ equitably when faced with procedural problems. Accordingly, the Court devised a new procedure for habeas corpus discovery and developed a standard for determining when a court should order discovery.

*Harris* addressed the issue of whether a habeas corpus petitioner in federal district court could use the discovery instrument of interrogatories. *Id.* at 288. Prefacing its analysis, the Court recognized that "[t]he very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected." *Id.* After examining the unique characteristics of the writ of habeas corpus, neither fully civil nor criminal in nature, the Court determined that the broad discovery provisions of the Federal Rules of

Civil Procedure were inapplicable. *Id.* at 290-95. However, the Court acknowledged that its conclusion did not necessarily deprive the federal courts of the power to adopt appropriate procedures for factual development, because "[p]etitioners in habeas corpus proceedings...are entitled to careful consideration and plenary processing of their claims including full opportunity for presentation of relevant facts." *Id.* at 298.

The Court found a solution in the All Writs Act, 28 U.S.C. section 1651. *Id.* at 299. The All Writs Act authorizes the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The *Harris* Court stated that the All Writs Act functions as a "legislatively approved source of procedural instruments designed to achieve the rational ends of law." 394 U.S. at 299 (internal quotations and citations omitted).

Although *Harris* found that the federal courts had the authority to order various methods of discovery, the Court also recognized that not every allegation an applicant makes is worthy of further factual development through the processes of discovery. *Id.* at 300. Accordingly, the Court announced a standard to assist the federal district courts in exercising their discretion:

> [W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, <u>it is the duty of the court</u> to provide the necessary facilities and procedures for an adequate inquiry.

*Id.* (emphasis added).

### C. "Good Cause" in Rule 6

Recognizing the unique problems that habeas corpus proceedings present, the Supreme Court formulated and adopted rules specifically designed to deal with federal habeas corpus practice. *See*

*Harris*, 394 at 301 n.7. Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts expressly provides for discovery. In pertinent part, Rule 6(a) states that:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

Rule 6 of Rules Governing Section 2254 Cases in the United States District Courts (West 1995). Rule 6(a) incorporates the *Harris* standard. *See* Rule 6, Advisory Committee Note (West 1995) (stating that "[s]ubdivision (a) is consistent with *Harris v. Nelson*").

The Advisory Committee Note to Rule 6 also appreciates the flexibility district courts possess in developing necessary rules of procedure to aid in their administration of the writ of habeas corpus:

> This rule contains very little specificity as to what types and methods of discovery should be made available to the parties in a habeas proceeding, or how, once made available, these discovery procedures should be administered. The purpose of this rule is to get some experience in how discovery would work in actual practice <u>by letting district court judges fashion their own rules in the context of individual cases</u>.

Rule 6, Advisory Committee Note (West 1995) (emphasis added). *Harris*, along with Rule 6(a), recognizes that district judges are not "without power to enter necessary orders in the absence of rules." *Id.* at 300 n.7.

Before discovery is warranted under Rule 6(a), the Fifth Circuit requires the petitioner to set out specific allegations of fact to support his federal claims for relief. *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994) (citing *Willie v. Maggio*, 737 F.2d 1372 (5th Cir.), *cert. denied*, 469 U.S. 1002 (1984)).[1] Furthermore, because Rule 6 does not authorize "fishing expeditions," the petitioner

---

[1] *See Matta-Ballesteros v. Henman*, 896 F.2d 255, 259 (7th Cir.) (holding that "good cause" under Rule 6(a) "cannot exist where the facts alleged do not provide a basis for relief"), *cert. denied*, 498 U.S. 878 (1990); *Mayberry v. Petsock*, 821 F.2d 179, 186 (3d Cir.) (holding that petitioner must set forth the facts with sufficient specificity so that the district court can determine whether further proceedings are necessary), *cert. denied*, 484 U.S. 946 (1987).

must have some reason to believe that the requested information exists. *Kirkpatrick v. Whitley*, 992 F.2d 491, 496 (5th Cir. 1993).[2] In addition, the state court must not have granted the petitioner a full and fair evidentiary hearing intended to resolve the factual dispute. *Ward*, 21 F.3d at 1367 (citing *Young v. Herring*, 938 F.2d 543 (5th Cir. 1991) (on remand), *cert. denied*, 503 U.S. 940 (1992)).[3] Finally, the Fifth Circuit recently held that, although a "district court generally has discretion to grant or deny discovery requests under Rule 6, a court's blanket denial of discovery is an abuse of discretion if discovery is 'indispensable to a fair, rounded, development of the material facts.'" *East v. Scott*, 55 F.3d 996, (5th Cir. 1995) (internal quotations omitted).[4]

A unanimous United States Supreme Court reaffirmed these principles in *Bracy v. Gramley*, 520 U.S. 899 (1997). There, the court focused its analysis on the "good cause" requirement of Rule 6, holding that petitioner had made a sufficient showing to justify discovery on the claim of judicial

---

[2] *See Munoz v. Keane*, 777 F. Supp. 282, 287 (S.D.N.Y. 1991) (holding that "petitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence"), *aff'd sub nom. Linares v. Senkowski*, 964 F.2d 1295 (2d Cir.), *cert. denied*, 113 S.Ct. 494 (1992); *see also Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir.) (holding that discovery is not warranted where the petitioner fails to point to any evidence that he might discover supporting his prima facie case), *cert. denied*, 114 S.Ct. 2730 (1994); *Rice v. Black*, 112 F.R.D. 620, 624-26 (D. Neb. 1986) (same).

[3] *See Maynard v. Dixon*, 943 F.2d 407, 412 (10th Cir. 1991) (affirming district court's denial of discovery because petitioner had a full and fair state court hearing on his *Brady* claim and the record supported the state court's findings). As detailed in Mr. Acker's petition, the "hearing" he did have in state court was nothing short of farcical.

[4] *See Coleman v. Zant*, 708 F.2d 541 (11th Cir. 1983) (quoting *Townsend v. Sain*, 372 U.S. 293, 322 (1963)) (same); *see, e.g., Smith v. United States*, 618 F.2d 507, 509 (8th Cir. 1980) (affirming district court's denial of discovery because petitioner merely listed the records he sought without stating how they would assist him in prosecuting his writ of habeas corpus); *Gaitan-Campanioni v. Thornburgh*, 777 F. Supp. 1355, 1356 (E.D. Tex. 1991) (noting that the courts should not hesitate to order discovery "where it will help illuminate the issues underlying the applicant's claim").

bias. *Bracy* requires only the allegation of a constitutional claim, and the articulation of a "theory" by which the evidence sought to be obtained could support the claim. The Supreme Court, in reviewing the permissibility of discovery, did not simply parse the allegations of the claim. Rather, it looked to the other evidence in the record supporting the possibility that the trial judge, who had been convicted of bribery, exercised a "compensatory bias" in cases, such as Bracy's, in which he was not bribed, *see* 520 U.S. 905, and considered a "theory" supporting discovery articulated only at oral argument. *Id.* at 908. The court emphasized that, while the potentially discoverable evidence supported what was "only a theory at this point," *id.* at 908, it was precisely in order to obtain the evidence to support that theory of a constitutional violation that discovery was required. *Accord, Jones v. Wood*, 114 F.3d at 1009 (reversing district court order granting summary judgment on a petition for habeas corpus, noting that although "discovery is available at the discretion of the district judge for good cause shown [regardless of whether there is to be an evidentiary hearing]" much of the discovery requested by the petitioner was essential for him to fully develop his ineffective assistance of counsel claim); *see also McDaniel v. United States District Court (Jones),* 127 F.3d 886, 888 (9th Cir. 1997).

      The focus of the *Bracy* decision solely on the "good cause" requirement makes clear that the possible existence of a procedural impediment, that could ultimately prevent the court from granting relief, does not alter the availability of discovery. In *Bracy* itself, any facts developed through federal discovery would have been unexhausted, *see Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9-10 (1992), and it appears that the judicial bias claim itself was unexhausted. *See Bracy*, 520 U.S. at 902; *cf. United States ex rel Collins v. Wellborn*, 868 F. Supp. 950, 991 (N.D. Ill. 1994) (indicating bias claim raised but not addressed in state court). The *Bracy* court did not impose any requirement,

based on potential procedural impediments to granting relief, on allowing discovery other than the "good cause" requirement imposed by Rule 6(a) itself. *See Jones v. Wood*, 114 F.3d at 1009-10 (allowing discovery on apparently unexhausted claim without reference to exhaustion and without regard to potential availability of evidentiary hearing); *McDaniel v. United States District Court (Jones)*, 127 F.3d at 888 (relying solely on "good cause" requirement of *Bracy*); *see also Calderon v. United States District Court (Gordon)*, 107 F.3d 756, 761-762 (9th Cir. 1997) (authorizing federal payment of expenses for ancillary services on claim during exhaustion proceedings in state court).

This position is consistent with the Supreme Court's decision in *Lonchar v. Thomas*, 517 U.S. 314, 322-331 (1996), in which the Court cautioned against importing procedural requirements into the structure of the Rules Governing Section 2254 Cases which the rules do not themselves impose. The only requirement for justifying discovery which Rule 6(a) imposes is a showing of "good cause," and no additional requirements can be implied.[5]

Finally, this case is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2254. Under AEDPA, Congress has given federal courts the power to deny claims on the merits, despite lack of exhaustion. 28 U.S.C. § 2254(b)(2). A court could not properly exercise its discretion to deny relief on an unexhausted claim without allowing the petitioner to conduct discovery, which could show that the claim in fact has merit. *Burnside-Ott Aviation Training Center, Inc. v. United States*, 985 F.2d 1574, 1578 (Fed. Cir. 1993) (denial of

---

[5] The Supreme Court's decision in *Bracy* and *Lonchar* remove any analytical basis for pre-*Bracy* decisions imposing conditions on the availability of discovery other than the good cause requirement of Rule 6(a). *E.g., Calderon v. United States District Court (Roberts),* 113 F.3d 149 (9th Cir. 1997); *Calderon v. United States District Court (Hill)*, 110 F.3d 714 (9th Cir. 1997) (per curiam); *Calderon v. United States District Court (Nicolaus),* 98 F.3d at 1102 (9th Cir. 1996).

discovery abuse of discretion where discovery necessary for party to litigate motion to dismiss).

Accordingly, a petitioner seeking discovery can demonstrate "good cause" warranting the district court's granting leave for discovery by setting out specific factual allegations showing that: (1) the requested discovery is indispensable to the adequate factual development of his claims; (2) the state habeas court did not conduct a full and fair hearing to resolve the factual dispute; (3) the requested information is within the exclusive possession of the State; (4) the petitioner has made informal efforts to obtain the requested information; (5) evidence the petitioner has obtained suggests the existence of the requested material; and (6) formal discovery is the only method through which the petitioner can obtain the material. All of these requirements have been met as described above in Sections II and III and below.

### D. *East v. Scott*

In 1995, the Fifth Circuit handed down a significant decision addressing discovery under Rule 6 of the Rules Governing Section 2254 Cases. In *East v. Scott*, 55 F.3d 996 (5th Cir. 1995), the Fifth Circuit held that a district court must order discovery if it is essential to the full development and fair consideration of the material facts of the petitioner's claim. *Id.* at 1001-02. The *East* court determined that the petitioner had met the good cause standard of Rule 6 by setting out specific allegations, which, if the facts were fully developed, would entitle him to relief. *Id.*; *see* Advisory Committee Note to Rule 6 of the Rules Governing Section 2254 Cases. The Fifth Circuit first concluded that the record did not contain the information critical to resolving the petitioner's claim. *Id.* at 1002. Second, it noted that the petitioner had been unable to obtain access to the witnesses or files essential to resolving the claim. *Id.* Third, the *East* court found that the district court had denied the petitioner's discovery requests to depose the key witnesses and examine their

files. *Id.* Finally, the Fifth Circuit concluded that the district court had abused its discretion in denying the petitioner's discovery requests, "[b]ecause access to these witnesses and their files is necessary to fully develop the facts needed to consider [the petitioner's] claim." *Id.* Accordingly, *East*, in conjunction with Rule 6, makes clear that a federal habeas corpus petitioner may use discovery to <u>establish</u> a *prima facie* case for relief.

*East* noted that the standard entitling a petitioner to discovery is lower than the standard requiring a district court to hold an evidentiary hearing. 55 F.3d at 1001-02.[6] Thus, as this Court has already ordered a hearing, this Court should provide Mr. Acker the opportunity -- through discovery -- to develop fully and fairly the material facts it needs to consider his claims.

## V. APPLICATION OF THE FACTS AND LAW TO MR. ACKER'S CASE.

**A) The facts in this case necessitate an order for discovery.**

All factors necessary for court-ordered discovery apply to this case. First, the requested discovery herein is indispensable for the factual development of his actual innocence claim.

Secondly, as mentioned above, the state habeas proceedings were nothing less than farcical, and included a state writ that was described in the media as "gibberish" and a no-less-farcical "hearing."

Third, this requested information is in the exclusive possession of the state. Fourth, petitioner has made informal efforts to obtain this information, as described above. Fifth, the requested material

---

[6] *Harris* expressly contemplates a district court's authorizing discovery "[a]t any time in the proceedings." 394 U.S. at 300. As the Court explained, it is appropriate to proceed with discovery "<u>before or in conjunction with the hearing</u> of the facts relevant to the claims." *Id.* (emphasis added); *see also Blackledge v. Allison*, 431 U.S. 63, 81 (1977); *Matta-Ballesteros v. Henman*, 896 F.2d 255, 259 (7th Cir.), *cert. denied*, 498 U.S. 878 (1990); Habeas Rule 6, Advisory Committee Note (West 1995).

is believed to exist because of the nature of the newly-released statement from Dr. Di Maio.

Finally, formal discovery may be the only manner in which the material can be obtained.

**B.    The requested discovery is necessary for the full factual development of Mr. Acker's claims, including his claim of actual innocence.**

The right to complete discovery in federal court acquires particular significance in this case for two additional reasons.  First, Mr. Acker has raised substantial claims of actual innocence, trial errors associated with state court's interference with his efforts to present his actual innocence, and the presentation of false and misleading testimony.  Materials corroborating these claims are in the exclusive custody of the State.  Second, Mr. Acker has had no access to any discovery thus far in the litigation.  Prior counsel for Mr. Acker did not file for discovery in state court.  As a result of the recent disclosure of Dr. Di Maio and the consequent repudiation of the State's trial theory, counsel for Mr. Acker has a duty to complete the investigation of facts material to the litigation of his claims, including his actual innocence claim.  Accordingly, Mr. Acker cannot obtain the information requested without the Court's ordering formal Rule 6 discovery.

**VII.   CONCLUSION.**

Petitioner respectfully requests that this Court issue an order granting discovery and ordering Respondent to provide the requested discovery as detailed in Section II.

Respectfully submitted,

/s/ A. Richard Ellis
_____
**A. Richard Ellis**
Attorney at Law
Texas Bar No. 06560400
75 Magee Avenue

>Mill Valley, CA 94941
>Attorney for Petitioner

Dated: June 8, 2011.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), undersigned counsel verifies that on June 7, 2011, he conferred with counsel of record for Respondent, Ms. Tina Miranda, of the Capital Litigation Division of the Office of the Attorney General of the State of Texas, in an attempt to resolve the matter without court intervention. Ms. Miranda indicated that Respondent was opposed to the motion for discovery.

/s/ A. Richard Ellis
_____
A. RICHARD ELLIS
COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

I, A. Richard Ellis, counsel of record for Petitioner, do hereby certify that I electronically filed the above and foregoing pleading "Petitioner's Post-Petition Motion for Leave to Conduct Discovery " with the Clerk of the Court for the United States District Court for the Eastern District of Texas, using the electronic case filing system of the Court on June 8, 2011.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means:

>Ms. Tina Joann Miranda
>Assistant Attorney General
>Postconviction Litigation Division
>Office of the Attorney General, State of Texas
>P.O. Box 12548, Capitol Station
>Austin, Texas 78711
>tina.miranda@oag.state.tx.us


/s/ A. Richard Ellis
_____
A.  RICHARD ELLIS
COUNSEL FOR PETITIONER