IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DANIEL CLATE ACKER, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-cv-00469-RAS |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

**RESPONDENT'S THALER'S RESPONSE IN OPPOSITION
TO ACKER'S MOTION FOR DISCOVERY**

Petitioner Daniel Clate Acker was properly convicted and sentenced to death for the brutal murder of his girlfriend Marquette ("Markie") Markie, committed during the course of a kidnaping. In the instant proceedings, he challenges the validity of his conviction and sentence pursuant to 28 U.S.C. §§ 2241 & 2254. Recently, this Court held an evidentiary hearing in which the State called Dr. DiMaio to testify that, in his professional opinion, the medical evidence did not support a diagnosis of strangulation. Acker now seek discovery, arguing that Dr. DiMaio's opinion entitles him to further factual finding in federal court. Thaler opposes this request.

"A habeas petition, unlike the usual litigant in federal court, is not entitled to discovery as a matter or ordinary course." *Bracy v. Gramley*, 520 U.S. 899,

904 (1997). Rather, a habeas petition is entitle to discovery only "where specific allegation before the Court show reason to believe that the applicant may, in the facts are fully developed, be able to demonstrate that he is...entitled to relief...." *Harris v. Nelson*, 394 U.S. 286, 300 (1969). However, "mere speculation that some exculpatory material may have been withheld is unlikely to establish good cause for a discovery request on collateral review." *Strickler v. Green*, 527 U.S. 263, 384-86(1997); *see Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000)(habeas discovery rules do "not authorize fishing expeditions"); *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994) ("Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence").

Acker fails on all counts to demonstrate that he his entitled to discovery. Initially, the reasons underlying the Director's choice of experts is protected by the work-product privilege, and are not discoverable. Fed. R. Civ. Proc. 26(b)(3). Furthermore, Acker fails to state set forth specific allegations that would entitle him to relief. He maintains in his motion that he seeks additional fact finding to support his actual innocence claim. However, this Court recently held a hearing allowing him to do just that. Moreover, he wholly fails to demonstrate that exculpatory or impeachment evidence---beyond that already disclosed at the hearing---even exists. As stated above, "mere speculation that some exculpatory material may have been withheld is unlikely to establish good cause for a

discovery request on collateral review." *Strickler, supra.*

Nevertheless, the undersigned did indicate to counsel via telephone that while he was not legally obligated to disclose the basis for choosing Dr. DiMaio as his expert, she would do so. The sole purpose in seeking an expert other than Dr. Gonsoulin, who was used at trial by the prosecution, was to find someone who would take a new, objective look at the medical evidence to determine whether the findings in the original autopsy report were supportable. In light of Acker's allegations calling into question the validity of Dr. Gonsoulin's autopsy finding, the undersigned deliberately sought an expert who was not affiliated with Dr. Gonsoulin or the Southwestern Institute of Forensic Science in Dallas, Texas. The undersigned believed having someone unrelated to the original findings was essential to making a fair, reliable assessment of the medical evidence in this case.

## CONCLUSION

The Director continues to oppose any further discovery requests by Acker as speculative and without foundation, and respectfully requests that this Court deny the instant motion.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Postconviction
Litigation Division

*/s/ Tina J. Miranda*
_____
*TINA J. MIRANDA
Assistant Attorney General
Postconviction Litigation Division
Texas Bar No. 24026139

P. O. Box 12548, Capitol Station
Austin, Texas 78711
Tel: (512) 936-1400
Fax: (512) 320-8132

ATTORNEYS FOR RESPONDENT

* Attorney-in-charge

## CERTIFICATE OF SERVICE

I do hereby certify that on June 28, 2011, I electronically filed the above and foregoing pleading with the Clerk of the Court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic:

A. Richard Ellis
75 Magee Avenue
Mill Valley, CA 94941
a.r.ellis@worldnet.att.net

*Tina Miranda*
TINA J. MIRANDA
Assistant Attorney General