IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DANIEL CLATE ACKER,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| vs. § | No. 4:06-cv-00469-RAS | |
| § | | |
| **RICK THALER,** § | | |
| Director, § | | |
| **Texas Department of Criminal** § | | |
| **Justice, Correctional Institutions** § | **(Death Penalty Case)** | |
| **Division,** § | | |
| Respondent. § | | |
| § | | |

**REPLY TO RESPONDENT'S OPPOSITION TO MOTION FOR LEAVE TO
CONDUCT DISCOVERY**
**(Rule 6(a) of the Rules Governing Section 2254 Cases)**

**COMES NOW** Petitioner, Daniel Clate Acker, by and through his attorney of record, and respectfully files this "Reply to Respondent's Opposition to Motion for Leave to Conduct Discovery." On June 8, 2011, shortly before an evidentiary hearing was held in this matter, Petitioner filed his motion for discovery. On June 28, 2011, Respondent filed his response in opposition. (Docket No. 79.) Petitioner herein incorporates by reference his "Post-Petition Motion for Leave to Conduct Discovery" and all other pleadings on file in this matter.

**I. The authorities cited by Respondent are not relevant to the facts of this case.**

In a short opposition to discovery, Respondent cites authorities which do not address the situation presented by the request in Mr. Acker's case. Respondent cites cases that disapprove of discovery based on "mere speculation that some exculpatory material may have been withheld" (*Strickler v. Green,* 527 U.S. 263, 384-86 (1997); discovery based on "fishing expeditions" (*Murphy*

*v. Johnson,* 205 F.3d 1355, 1367 (5th Cir. 1994); and discovery for "those who seek to explore their case in search of its existence." (*Ward v. Whitley,* 21 F.3d 1355, 1367 (5th Cir. 1994). Opposition at 2.

None of these case cites are relevant as the request is much more limited and specific than in these authorities and recent case developments have made clear the need for discovery.

**II. This is a specific request, not a fishing expedition.**

At the recent evidentiary hearing, Petitioner's expert Dr. Vincent Di Maio has repudiated the State's trial theory of the cause of death of the victim, Markie George. In order to thoroughly and competently investigate and present the actual innocence claim which was the subject of that hearing, and for counsel to effectively represent his client, the following evidence will be needed:

1) —the reasons for the State not presenting evidence from the coroner Dr. Gonsoulin at the hearing;
2) —the circumstances relating to the apparent repudiation of Dr. Gonsoulin's "strangulation" theory;
3) —any evidence in the possession of the State that contradicts the evidence presented at trial;
4) —any evidence in the possession of the State that discredits any of the state witnesses, including Dr. Gonsoulin, or contradicts their testimony;
5) —any heretofore un-presented exculpatory evidence relating to Mr. Acker's innocence that may be in the possession of the State;
6) —any other exculpatory evidence relating to Mr. Acker in the possession of the State or the Hopkins County District Attorney's Office or local law enforcement officials.

These are all very specific requests, not "mere speculation" or "fishing expeditions" nor are they merely "speculative and without foundation." (Opposition at 3).

**III. Respondent addresses only two of the six discovery requests.**

In their opposition, Respondent has made good on representations to undersigned counsel that, if Petitioner filed a discovery motion, although Respondent was "not legally obligated to

disclose the basis for choosing Dr. DiMaio as his expert," counsel would do so. Opposition at 3. Respondent states that the purpose was "to find someone who would take a new, objective look at the medical evidence to determine whether the findings in the original autopsy report were supportable." *Id.* Respondent sought an expert "not affiliated with Dr. Gonsoulin or the Southwestern Institute of Forensic Science" and "believed having someone unrelated to the original findings was essential to making a fair, reliable assessment of the medical evidence in this case." *Id.*

The original autopsy findings have now been shown to be unsupportable and Respondent's belief that an objective expert was needed has been shown to be well founded. Petitioner appreciates the objectivity of their new expert. However, the discovery inquiry does not end here.

Respondent's opposition purports to answer the first and second discovery requests, but not the others, requests three through six. That is because this evidence may very well not be in the possession of Respondent, but in the hands or within the knowledge of other law enforcement agencies, such as the local sheriff's office, or the local police. This requested evidence goes beyond the issue of Dr. Gonsoulin's credibility, and could well impact other claims or potential claims in Mr. Acker's petition, such as a due process violation under *Brady v. Maryland,* 373 U.S. 83 (1963) or a claim relating to coaching of state's witnesses or accommodations or privileges extended to them. *Banks v. Dretke,* 540 U.S. 668 (2004). Examples of this would be: another undisclosed attempt of the victim to jump (rumors of a prior jump attempt from a police car by the victim); police coaching or inducements made to State's witnesses regarding their change of testimony at the trial from their statements in the police reports (Alicia Smiddy; Brodie Young); undisclosed issues relating to the credentialing of state medical experts. The Court is now well aware of the highly unusual and suspicious suppression at Mr. Acker's trial of all evidence that the victim had attempted

to jump two weeks prior to her death and, again, a few minutes prior.

The state's constitutional obligations under *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995) require that it obtain and disclose any material exculpatory and impeachment information in its possession or constructive possession. *See also Commonwealth v. Bowie*, 243 F.3d 1109, 1117-25 (9th Cir. 2001) (recognizing prosecutor's "duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police," requires state to "collect potentially exonerating evidence"). The state's duty to investigate and disclose exculpatory and impeachment evidence extends to all information within the constructive possession of the state, which is defined as all information that is accessible by the prosecution.[1]

**IV. "Good cause" has been shown.**

Because of the centrality of this requested information to his actual innocence claim, Mr. Acker satisfies the requirement of Rule 6 that he show "good cause" for discovery, as embodied in the United States Supreme Court's decision in *Harris v. Nelson*, 394 U.S. 286 (1969). Additionally,

---

[1] *E.g., United States v. Combs*, 267 F.3d 1167, 1174-75 (11th Cir. 2001) (information in the possession of pre-trial services within the constructive possession of federal authorities; concluding that "there is no reason to think that the prosecution, at the time it chose to use Ms. Redman as its star witness, could not have checked with Pretrial Services to ascertain whether she was complying with the conditions of her release"); *United States v. Santiago*, 46 F.3d 885, 893-95 (9th Cir. 1995) (information in possession of Bureau of Prisons within the constructive possession of federal authorities; reversing district court and granting defendant discovery of prison files of state's witnesses to show bias from affiliation with rival prison gang); *United States v. Thornton*, 1 F.3d 149, 157-59 (3d Cir. 1993) (documents in possession of the DEA considered within the constructive possession of federal authorities; noting that "prosecutors have an obligation to establish procedures, such as requiring written responses, which will ensure that the responsible agents are fully cognizant of their disclosure obligations"); *Briggs v. Raines*, 652 F.2d 862, 865-66 (9th Cir. 1981) (FBI records are in the "constructive possession" of state authorities); *United States v. Boyd*, 833 F. Supp. 1277, 1357 (N.D.Ill. 1993) (information in possession of BOP within the constructive possession of federal authorities); *United States v. Burnside*, 824 F. Supp. 1215, 1254 (N.D.Ill. 1993) (same); *cf. United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991) (requiring prosecution to disclose personnel files of its witnesses).

*East v. Scott*, 55 F.3d 996 (5th Cir. 1995) confirms that discovery is a proper means of establishing a petitioner's *prima facie* case, and held that, although a "district court generally has discretion to grant or deny discovery requests under Rule 6, a court's blanket denial of discovery is an abuse of discretion if discovery is 'indispensable to a fair, rounded, development of the material facts.'".[2]

In *Bracy v. Gramley*, 520 U.S. 899 (1997) the Supreme Court focused its analysis on the "good cause" requirement of Rule 6, holding that petitioner had made a sufficient showing to justify discovery on the claim of judicial bias. *Bracy* requires only the allegation of a constitutional claim, and the articulation of a "theory" by which the evidence sought to be obtained could support the claim. The court emphasized that, while the potentially discoverable evidence supported what was "only a theory at this point," *id.* at 908, it was precisely in order to obtain the evidence to support that theory of a constitutional violation that discovery was required.

The focus of the *Bracy* decision solely on the "good cause" requirement makes clear that the possible existence of a procedural impediment, that could ultimately prevent the court from granting relief, does not alter the availability of discovery. In *Bracy* itself, any facts developed through federal discovery would have been unexhausted, *see Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9-10 (1992), and it appears that the judicial bias claim itself was unexhausted. *See Bracy*, 520 U.S. at 902. The *Bracy* court did not impose any requirement, based on potential procedural impediments to granting relief, on allowing discovery other than the "good cause" requirement imposed by Rule

---

[2] *See Coleman v. Zant*, 708 F.2d 541 (11th Cir. 1983) (quoting *Townsend v. Sain*, 372 U.S. 293, 322 (1963)) (same); *see, e.g., Smith v. United States*, 618 F.2d 507, 509 (8th Cir. 1980) (affirming district court's denial of discovery because petitioner merely listed the records he sought without stating how they would assist him in prosecuting his writ of habeas corpus); *Gaitan-Campanioni v. Thornburgh*, 777 F. Supp. 1355, 1356 (E.D. Tex. 1991) (noting that the courts should not hesitate to order discovery "where it will help illuminate the issues underlying the applicant's claim").

6(a) itself. *See Jones v. Wood*, 114 F.3d at 1009-10 (allowing discovery on apparently unexhausted claim without reference to exhaustion and without regard to potential availability of evidentiary hearing); *McDaniel v. United States District Court (Jones)*, 127 F.3d at 888 (relying solely on "good cause" requirement of *Bracy*); *see also Calderon v. United States District Court (Gordon)*, 107 F.3d 756, 761-762 (9th Cir. 1997) (authorizing federal payment of expenses for ancillary services on claim during exhaustion proceedings in state court)

**V. Conclusion.**

The stakes here, Mr. Acker's life, are simply too high to ignore these well-founded requests. Petitioner respectfully requests that this Court issue an order granting discovery and ordering Respondent to provide the requested discovery as detailed in the motion.

        Respectfully submitted,

        /s/ A. Richard Ellis

        **A. Richard Ellis**
        Attorney at Law
        Texas Bar No. 06560400
        75 Magee Avenue
        Mill Valley, CA 94941
        Attorney for Petitioner

Dated: July 6, 2011.

## CERTIFICATE OF SERVICE

      I, A. Richard Ellis, counsel of record for Petitioner, do hereby certify that I electronically filed the above and foregoing pleading "Reply to Respondent's Opposition to Motion for Leave to Conduct Discovery" with the Clerk of the Court for the United States District Court for the Eastern District of Texas, using the electronic case filing system of the Court on July 6, 2011. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means:

>Ms. Tina Joann Miranda
>Assistant Attorney General
>Postconviction Litigation Division
>Office of the Attorney General, State of Texas
>P.O. Box 12548, Capitol Station
>Austin, Texas 78711
>tina.miranda@oag.state.tx.us


/s/ A. Richard Ellis
_____
A. RICHARD ELLIS
COUNSEL FOR PETITIONER