# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DANIEL CLATE ACKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| -VS- | § | No. 4:06-cv-469 |
| | § | |
| LORIE DAVIS, | § | |
| Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | (<u>Death Penalty Case</u>) |
| | § | |
| Respondent. | § | **(Execution Scheduled For September 27, 2018)** |

_____

## PETITIONER'S UNOPPOSED MOTION FOR APPOINTMENT
## OF CO-COUNSEL

COMES NOW Petitioner, DANIEL CLATE ACKER, by and through his undersigned counsel, and moves this Court pursuant to 18 U.S.C. § 3599 to appoint the Federal Defender, Capital Habeas Unit, as co-counsel. Mr. Acker shows the following as good cause for granting this Motion:

Mr. Acker is a prisoner under sentence of death at the Polunsky Unit of the Texas Department of Criminal Justice. The State has scheduled his execution for September 27, 2018.

On November 27, 2006, this Court appointed attorney A. Richard Ellis to represent Mr. Acker and granted his motion to appear *pro hac vice* in this matter. (*See* Order, Doc. 3). This Court has the power to appoint additional counsel. Section 3599(a)(2) of Title 18

provides that a person pursuing post-conviction relief from a death sentence imposed by a state court "shall be entitled to the appointment of one or more attorneys" and other resources. The Judicial Conference's Guidelines for the Administration of the Criminal Justice Act ("CJA Guidelines"), state, "Due to the complex, demanding, and protracted nature of death penalty proceedings, judicial officers should consider appointing *at least two* attorneys" in capital habeas cases. Guide to Judiciary Policy, Guidelines for Administering the CJA and Related Statutes, Vol. 7A, Ch. 6, § 620.10.20 (emphasis added).

Present circumstances make the appointment of additional counsel for Mr. Acker necessary and appropriate. In *Christeson v. Roper*, 574 U.S. ___, 135 S. Ct. 891 (2015) (*per curiam*), the Supreme Court reiterated its long held view that

> "By providing indigent capital defendants with a mandatory right to qualified legal counsel in these [habeas] proceedings, Congress has recognized that federal habeas corpus has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty."

*Christeson*, 135 S. Ct. at 893 (quoting *McFarland v. Scott*, 512 U.S. 849, 859 (1994)). The Court's endorsement of the role of counsel and federal habeas review in *Christeson* is significant because that case reached the Court in a posture similar to this one. The petitioner already had one opportunity for federal habeas review, and faced "a host of procedural obstacles to having a federal court consider his habeas petition" or any further review. *Id.* at 895. The Court ruled that Christeson "should have that opportunity and is entitled to the assistance of substitute counsel in doing so." *Id.* at 896.

2

Congress specified that federal habeas counsel must be able to serve through

> all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant. (18 U.S.C. § 3599(e)).

18 U.S.C. § 3599 has also been held to encompass representation in state clemency proceedings. *Harbison v. Bell*, 556 U.S. 180, 194 (2009) (even where all available claims are defaulted, information may be utilized in application to state officials for clemency).

Due to unusual circumstances outside the control of Mr. Acker and his counsel, Mr. Ellis is unable to meet the requirements of the statute without the assistance of co-counsel. Since the setting of Mr. Acker's execution date, Mr. Ellis has had the following duties in capital cases: he has filed a motion to remand and a reply brief in the Fifth Circuit in *Lucio v. Davis* (No. 16-70027); filed a petition for re-hearing in the Fifth Circuit in *Haynes v. Davis* (No. 15-70038); partially drafted lengthy objections in a capital case in the Eastern District of California; filed supplemental briefing in the Fifth Circuit in *Mamou v. Davis* (No. 17-70001); filed petitions for certiorari in the Fifth Circuit cases of *Barbee v. Davis* (No. 15-70022) and *King v. Davis* (16-70018) in the U.S. Supreme Court; and drafted portions of a lengthy reply brief in a capital habeas matter in the Supreme Court of California.

From now until Mr. Acker's execution date on September 27, in the following capital cases, Mr. Ellis must: file a lengthy reply brief in the California Supreme Court habeas matter of *In re Perez* (Ca. Sup. Ct. No S241863) by July 27, 2018; file a petition

for certiorari in *Coble v. Davis* (5th Cir. No. 15-70037) by August 13, 2018; file lengthy objections to the magistrate's report, which will be about 200 pages, in *Cornwell v. Warden* in the Eastern District of California by August 14, 2018; file a petition for certiorari in the Supreme Court in *People v. Perez* (CA. Sup. Ct. No. S104144) by August 14, 2018; file a petition for certiorari in *Haynes v. Davis* (Fifth Cir. No. 15-70038) by September 16, 2018; and file a lengthy reply brief in *Atkins v. Filson* (No. 2:02-cv-1348 (D. Nev.)) by September 7, 2018, for which no extensions of time are permissible. Mr. Ellis is sole counsel for the petitioner/appellant in all of these capital cases except for *Lucio*.

In May 2017, the Court of Appeals for the Fifth Circuit approved the creation of two Capital Habeas Units, one in Federal Defender Office for the Northern District of Texas, and the other in the Western District's Austin Defender Office. The Fifth Circuit provided that "[t]hese units will represent capital habeas petitioners in federal courts state-wide, including the Southern and Eastern Districts of Texas." Letter from Kyle M. Boudreau, Assist. Cir. Exec., to Cait T. Clarke, Chief, Defender Services Office, dated May 17, 2017.

The Austin CHU opened in November 2018. At present the Austin CHU is staffed by two attorneys with capital habeas experience. The CHU is prepared to assist Mr. Ellis with investigation and other tasks necessary to ensuring that Mr. Acker receives the representation in clemency proceedings that Congress envisioned when it enacted § 3599(e). *See Harbison v. Bell, supra*. The funding for any investigative or expert services

will come from the Federal Defender's budget and will require neither the administrative nor fiscal resources of this Court.

The appointment sought here has become fairly commonplace. Every court presented with either a substitution or appointment motion for this CHU has appointed them as co-counsel. Indeed, the Dallas CHU has been appointed co-counsel in multiple instances in which the initial federal habeas proceedings have concluded. *See*, *e.g.*, Bible v. Director, No. 4:13-cv-00200 (S.D. Tex. May 3, 2018); Order, ECF No. 29, *Matthews v. Davis*, 4:12-cv-01939 (S.D. Tex. April 17, 2018) (order substituting the CHU as co-counsel); Order, ECF No. 82, *Norman v. Davis*, 6:12-cv-00054 (S.D. Tex. Dec. 13, 2017) (same); Order, ECF No. 107, *Rayford v. Davis*, 3:06-cv-0978 (N.D. Tex. Nov. 10, 2017) (order granting motion to appoint CHU as co-counsel).

Appointment of the CHU, in and of itself, will cause no delays in the proceedings. Undersigned counsel will not request a stay of execution based solely on the appointment of the CHU as co-counsel.

Undersigned counsel has conferred via e-mail with counsel of record for Respondent, Mr. Eric White of the Office of the Attorney General of the State of Texas, who has indicated that he is unopposed to this motion.

FOR THESE REASONS, Petitioner respectfully requests that this Court appoint the Federal Public Defender, Capital Habeas Unit as co-counsel for Mr. Acker pursuant to 18 U.S.C. § 3599.

Respectfully submitted,


By: *s/ A. Richard Ellis*

_____
A. RICHARD ELLIS
Attorney at Law
Texas Bar No. 06560400
75 Magee Ave.
Mill Valley, CA 94941
(415) 389-6771

MAUREEN SCOTT FRANCO
Federal Public Defender
*/s/ Tivon Schardl*

TIVON SCHARDL
Supervisory Asst. Federal Public Defender
TIMOTHY P. GUMKOWSKI
(Member, E.D. Tex. Bar)
Assistant Public Defender
Capital Habeas Unit
504 Lavaca Street, Ste. 960
Austin, Texas 78701
(512) 916-5025
(512) 916-5035 (FAX)
Bar Number: Florida 73016
Attorneys for Petitioner/Appellant

6

## CERTIFICATE OF CONFERENCE

Undersigned counsel verifies that on July 17, 2018, he conferred via e-mail with counsel of record for Respondent, Mr. Eric White of the Office of the Attorney General of the State of Texas who stated that he is unopposed to this motion for appointment of co-counsel.

*/s/ A. Richard Ellis*

_____

A. RICHARD ELLIS

COUNSEL FOR PETITIONER

# CERTIFICATE OF SERVICE

I hereby certify that on the day of July 17, 2018, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system which will send notification of such

filing to the following:

Mr. Eric White
Texas Attorney General's Office
P.O. Box 12548, Capitol Station
Austin, TX 78711

*/s/ A. Richard Ellis*

_____

A. Richard Ellis

Counsel for Daniel Clate Acker

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DANIEL CLATE ACKER,<br>    Petitioner, | § | |
| | § | |
| | § | |
| V. | § | CAUSE NO. 4:06-cv-00469 |
| | § | |
| | § | |
| LORIE DAVIS,<br>    Respondent. | § | |

**O R D E R**

On this date came on to be considered Defendant's Motion for appointment of co-counsel, and the Court, after considering same, is of the opinion that said motion should be GRANTED.  Accordingly, it is

ORDERED that

Signed this _____ day of _____, 2018.

_____
U. S. DISTRICT JUDGE

1